UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLINE DAVENPORT,

    Plaintiff,

v.                                                             CASE NO. 3:11-cv-632-J-JBT

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Compel Discovery (Doc. 22) ("the Motion") filed by Defendant. The Motion seeks an order compelling Plaintiff to produce the items requested in its Second Request for Production (*id.*), which seeks production of the following:

1. All photographs posted, uploaded, or otherwise added to any social networking sites or blogs, including but not limited to Facebook.com, Myspace.com, Twitter.com, or any similar websites posted since the date of the accident alleged in the Complaint. This includes photographs posted by others in which Chelsea Davenport has been tagged or otherwise identified therein.
2. All computers, cell phones, laptops, smart phones, or any similar electronic devices used by, owned by, or in any way accessible by Chelsea Davenport to gain access or post any material on any social networking sites or blogs, including but not limited to Facebook.com, Myspace.com, Twitter.com, or any similar websites.

(Doc. 22-1 at 1-2.) Plaintiff filed a response in opposition to the Motion, in which she argues that the subject request is "not reasonably calculated to lead to the discovery of admissible evidence when the request is overly broad and improperly invades the

Plaintiff's privacy . . . ." (Doc. 25 at 1.) Plaintiff further argues that "Defendant is on a fishing expedition in regard to Plaintiff's Facebook page, seeking everything in her personal life." (*Id.*)[1]  For the reasons stated herein, the Motion is due to be **GRANTED in part** and **DENIED in part**.  Plaintiff will be ordered to produce, on or before February 29, 2012, all photographs added to any social networking site ("SNS") since the date of the subject accident that depict Plaintiff, regardless of who posted the photograph.

I.  **Request for Photographs**

The permissible scope of discovery is stated in Rule 26:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).

Generally, SNS content is neither privileged nor protected by any right of privacy.  *See Tompkins v. Detroit Metropolitan Airport*, 2012 WL 179320, at *2 (E.D. Mich. Jan. 18, 2012).  A request for discovery must still be tailored, however, so that it "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).  "Otherwise, the Defendant would be allowed to engage in

---

[1] Prior to the filing of the Motion, Plaintiff served a timely response to the subject request, in which she objected thereto on substantially identical grounds to those argued in her response to the Motion.  (Doc. 22-2.)

the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Tompkins*, 2012 WL 179320, at *2; *see also R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 41 (S.D.N.Y. 2010) ("The Federal Rules require that requests for discovery . . . be focused and specific.").

As the subject request for photographs seeks production of every photograph added to every SNS since the date of the subject accident, it is overly broad on its face and not reasonably calculated to lead to the discovery of admissible evidence.[2] As the Court previously concluded (*see* Doc. 16), Plaintiff's physical condition is at issue in this case. Moreover, the Court accepts Defendant's argument that Plaintiff's "quality of life" is also in issue. However, the subject request is not limited to photographs taken of, or even by, Plaintiff, and is clearly not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff proposes that she produce only those photographs that depict her and were posted by her. (Doc. 25.) She cites case law in support of her position that photographs posted by others in which she is "tagged"[3] are "less likely to be relevant" than photos posted by her. *Simply Storage*, 270 F.R.D. at 436.

---

[2] Read literally, the request seeks production of every photograph posted on any SNS in the world since June 9, 2009. Even if read as limited to those photographs Plaintiff has access to, it would still include a wide range of photographs bearing absolutely no relevance to Plaintiff's physical condition or quality of life.

[3] "'Tagging' is the process by which a third party posts a picture and links people in the picture to their profiles so that the picture will appear in the profiles of the person who 'tagged' the people in the picture, as well as on the profiles of the people who were identified in the picture." *EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 436 n.3 (S.D. Ind. 2010)

Nevertheless, the potential relevancy of such photographs outweighs any burden of production or privacy interest therein. Thus, the Court will order Plaintiff to produce any photographs depicting her, taken since the date of the subject accident, and posted to a SNS, regardless of who posted them.[4] Therefore, with respect to this request, the Motion is due to be granted in part and denied in part.[5]

## II.    Request for Devices Used by Plaintiff to Access Any SNS

Based on the same reasoning discussed above, Defendant's request that Plaintiff produce all devices by which she accesses any SNS is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. "Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view." *Tompkins*, 2012 WL 179320, at *2. Therefore, with respect to this request, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 22**) is **GRANTED** to the extent that Plaintiff shall produce, **on or before February 29, 2012**, all photographs added to any SNS since the date of the subject accident that depict Plaintiff, regardless of who posted the photograph,

---

[4] Since, under the applicable discovery rule, Plaintiff is obligated to produce only those photographs in her "possession, custody, or control," *see* FED. R. CIV. P. 34(a)(1), it is likely that Plaintiff will need to produce only photographs that she posted or in which she was tagged.

[5] Had Defendant's request been narrower and/or its arguments more focused, the Court might have considered ordering broader production, e.g., by adding to the scope of production some or all photographs posted on a SNS and *taken by* Plaintiff after the subject accident.

and **DENIED** in all other respects.

**DONE AND ORDERED** at Jacksonville, Florida, on February 21, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record